UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA BURNS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Judge ) ) Case No. |
| v. | ) ) |
| RESPITE CARE/CARE IN THE HOME INC. | ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT**

Plaintiff Lisa Burns, on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys and for her Complaint against Defendant Respite Care/Care in the Home Inc. ("Care in the Home" or "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff's claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiff and other certified nursing assistants ("CNAs") and Home Services Aides overtime wages.

2. Defendant is in the business of providing home health care services to patients in Illinois.

3. Plaintiff and persons similarly situated to her are current and former CNAs and Home Service Aides who were employed by Care in the Home and who were responsible for providing personal caregiving services for elderly or infirm individuals in their homes.

1

4. Defendant paid Plaintiff an hourly and/or day rate for the work she performed for Defendant.

5. Plaintiff worked more than forty (40) hours in certain individual work weeks for Defendant during the last three years.

6. For example, Plaintiff worked fourteen days in the two week pay period between May 15, 2016 and May 28, 2016. See Exhibit A.

7. Plaintiff worked more than forty (40) hours in the work weeks ending May 15, 2016 and May 28, 2016.

8. Defendant paid Plaintiff a day rate of $170 for each day she worked in the two week pay period between May 15, 2016 and May 28, 2016. See Exhibit A.

9. Defendant did not pay Plaintiff any overtime wages for the overtime hours she worked between May 15, 2016 and May 28, 2016.

10. In individual work weeks during the prior three (3) years, other CNAs and Home Service Aides worked more than forty (40) hours per week for Defendant without the payment of any overtime wages for the time they worked in excess of forty (40) hours a week.

11. Plaintiff was entitled under the FLSA to be paid one and one half times her regular rate of pay for the time she worked in excess of forty (40) hours a week.

12. Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

13. Plaintiff was entitled under the IMWL to be paid one and one half times her regular rate of pay for the time she worked in excess of forty (40) hours a week.

14. Plaintiff was not exempt from the overtime provisions of the IMWL, 820 ILCS 105/4a.

15. Defendant's failure to pay overtime wages to Plaintiff and other CNAs and Home Service Aids violated the overtime provisions of Section 7 of the FLSA.

16. Defendant's failure to pay overtime wages to Plaintiff and other CNAs and Home Services Aids violated the overtime provisions of Section 105/4a of the IMWL.

17. Plaintiff brings her FLSA claim as a collective action. Plaintiff's FLSA consent form is attached hereto as Exhibit B.

18. Plaintiff brings her IMWL claim as a class action under Fed. R. Civ. P. 23.

**THE PARTIES**

19. Plaintiff Lisa Burns resides in and is domiciled in Chicago, Illinois.

20. Plaintiff is registered with the Illinois Department of Public Health as a certified nursing assistant.

21. Plaintiff began working for Defendant in approximately May 2012, and she has continued to work for Defendant through the present date.

22. During her employment with Defendant, Plaintiff traveled to patient homes located within the metropolitan Chicago area, including Park Ridge, Skokie, Northbrook, Wilmette, and Evanston.

23. Defendant Respite Care/Care in the Home Inc. is an Illinois corporation with its principal place of business located in Wilmette, Illinois, within this judicial district.

24. Defendant Respite Care/Care in the Home Inc. does business within this judicial district.

25. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(d).

26. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(d).

27. Defendant Care in the Home was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

28. Defendant Care in the Home was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

29. Defendant Care in the Home is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

30. Defendant Care in the Home's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**JURISDICTION AND VENUE**

31. This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

32. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

33. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

# COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 33 of this Complaint.

34. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay overtime wages to Plaintiff.

35. Plaintiff was directed by Defendant to work, and she did work, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

36. Other CNAs and Home Services Aides were directed by Defendant to work, and they did work, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

37. Plaintiff was entitled to be paid overtime wages at the rate of one and one half times her regular rate of pay for the time she worked in excess of forty (40) hours per week.

38. Other CNAs and Home Services Aides who performed personal caregiver services for Defendant's clients were entitled to be paid overtime wages at the rate of one and one half times their regular rate of pay for time they worked in excess of forty (40) hours per week.

39. Defendant did not pay Plaintiff any overtime wages for the time she worked in excess of forty (40) hours per week.

40. Defendant did not pay other CNAs and Home Services Aides overtime wages for the time they worked in excess of forty (40) hours per week.

41. Defendant's failure to pay Plaintiff overtime wages at a rate of one and half times her regular rate of pay for time she worked in excess of forty (40) hours in individual work weeks

violated § 207 of the FLSA.

42. Defendant's failure to pay other CNAs and Home Services Aides overtime wages at a rate of one and half times their regular rate of pay for the time they worked in excess of forty (40) hours in individual work weeks violated § 207 of the FLSA.

43. Defendant willfully violated the FLSA by failing to pay Plaintiff and other CNAs and Home Services Aides overtime wages for the time they worked in excess of forty (40) hours per week.

44. Plaintiff and other similarly-situated persons are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this suit.

    A. A judgment in the amount of one-half times Plaintiff's and similarly situated persons' regular rate of pay for all time they worked in excess of forty (40) hours per week;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Minimum Wages
### (Class Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 44 of this Complaint.

45. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiff and members of the class that she seeks to

represent their earned overtime pay for time worked in excess of forty (40) hours in individual work weeks.

46. Plaintiff Lisa Burns, and members of the class she seeks to represent, are current and former CNAs and Home Services Aides who worked for Defendant in Illinois and who were not paid all of their earned overtime pay by Defendant.

47. The relevant time period of this class action lawsuit is from February 3, 2014 to the present.

48. Other Clinicians employed by Defendant are or were compensated by Defendant in the same manner as Plaintiff without the payment of overtime wages for hours worked in excess of forty (40) per week.

49. The number of other CNAs and Home Services Aides employed in Illinois who worked more than forty (40) hours in individual work weeks and who were not paid overtime wages is believed to exceed fifty (50) persons over the prior three (3) years.

50. Defendant's failure to pay CNAs and Home Services Aides any overtime pay for the time they worked in excess of forty (40) hours in individual work weeks violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

51. This Count is brought pursuant to Fed. R. Civ. P. 23 because other persons are similarly situated to Plaintiff and they are so numerous that joinder of all members is impracticable.

52. Plaintiff and other CNAs and Home Services Aides are equally affected by the overtime wage payment violations of Defendant, and the relief sought is for the benefit of the individual Plaintiff and the class Plaintiff seeks to represent.

53. The issues involved in this lawsuit present common questions of law and fact.

54. The common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

55. Plaintiff and the classes of similarly-situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

56. The violation alleged by Plaintiff is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

57. Plaintiff believes and asserts that she is able to fairly and adequately represent and protect the interests of the class.

58. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

59. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

60. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

61. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayment.

WHEREFORE, Plaintiff and the class pray for judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. An injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

E. Such other and further relief as this Court deems just and proper.

Dated: February 3, 2017

Respectfully submitted,

s/Maureen A. Salas
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008